**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALINE ALVAREZ-MUNGUIA,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Case No. 23-cv-02751-BLF<br><br>**ORDER VACATING MOTION HEARING AND DENYING MOTION TO REMAND**<br><br>[Re: ECF 6] |

Plaintiff Aline Alvarez-Munguia ("Alvarez-Munguia") filed this suit against Defendant Ford Motor Company ("Ford") in the Monterey County Superior Court, asserting state law claims arising from the purchase of an allegedly defective vehicle. *See* Not. of Removal Ex. A (Compl.), ECF 1-2. Ford removed the case to federal district court based on diversity jurisdiction. *See* Not. of Removal ¶ 11, ECF 1.

Alvarez-Munguia moves to remand the case to state court, arguing that the notice of removal was untimely because it was filed more than thirty days after service of the summons and complaint. *See* Pl.'s Mot., ECF 6. Alvarez-Munguia does not dispute the existence of diversity jurisdiction; the motion to remand is based solely on procedural grounds. Ford contends that removal was timely, because the complaint does not disclose that the amount in controversy exceeds $75,000 and the notice of removal was filed within thirty days after Ford obtained the vehicle sale contract showing that the amount in controversy requirement for diversity jurisdiction is satisfied. *See* Def.'s Opp., ECF 8.

The Court finds the motion to be suitable for decision without oral argument and therefore the January 11, 2024 hearing is VACATED. The motion to remand is DENIED.

## I. BACKGROUND

Alvarez-Munguia filed this action in the Monterey County Superior Court on February 21, 2023, alleging that Ford failed to meet its warranty and repair obligations with respect to a 2018 Ford Focus vehicle that Alvarez-Munguia purchased on April 13, 2021. *See* Compl. ¶ 8. The complaint asserts three claims for violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq*. Alvarez-Munguia seeks damages in an unspecified amount, recission of the vehicle sale contract and restitution of all monies expended, a civil penalty in the amount of twice actual damages, reasonable attorneys' fees and costs, and other appropriate relief. *See* Compl. Prayer. The complaint does not allege the sale price of the Ford Focus vehicle or the amount of damages sought, nor does it allege the amount of attorneys' fees and costs incurred. *See generally* Compl.

Ford was served with the complaint on February 22, 2023. *See* Rexit Decl. ISO Not. of Removal ¶ 4 ECF 1-1. Ford filed an answer to the complaint in the state court on March 24, 2023. *See* Not. of Removal Ex. B (Answer), ECF 1-3.

On June 2, 2023, Ford removed the case to federal district court on the basis of diversity jurisdiction. *See* Not. of Removal ¶ 11. The notice of removal states that the two requirements for diversity jurisdiction are (1) complete diversity of citizenship between the plaintiff and defendant and (2) an amount in controversy exceeding $75,000. *See id.* ¶¶ 12, 16. Ford alleges that the first requirement is met because Alvarez-Munguia is a citizen of California and Ford is a citizen of Delaware and Michigan. *See id.* ¶¶ 13-14. Ford also alleges that the complaint is silent as to the amount in controversy, but that Ford obtained the vehicle sale contract on May 29, 2023, and thereby learned that the sale price of the Ford Focus vehicle was $24,596.48. *See id.* ¶¶ 6, 21-23. Based on that figure, along with the complaint's request for restitution, a civil penalty, and reasonable attorneys' fees and costs, Ford alleges that the $75,000 amount in controversy requirement is satisfied. *See id.* ¶ 36. Ford alleges that it filed the notice of removal within thirty days after receipt of the vehicle sale contract, and that removal therefore was timely. *See id.* ¶ 7.

Alvarez-Munguia filed the present motion to remand on June 30, 2023. *See* Pl.'s Mot., ECF 6.

2

## II. LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

"The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). "Section 1446(b) identifies two thirty-day periods for removing a case." *Id*. (internal quotation marks and citation omitted). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id*. (internal quotation marks omitted). The Ninth Circuit has held that for the first thirty-day removal period to apply, "the ground for removal must be revealed affirmatively in the initial pleading." *Id*. (internal quotation marks omitted). If the ground for removal does not appear from the face of the initial pleading, the second thirty-day removal period is triggered when "the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id*. (internal quotation marks omitted).

A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" *Id*.

## III. DISCUSSION

Alvarez-Munguia timely filed this motion to remand within thirty days after Ford filed the notice of removal. Alvarez-Munguia contends that the notice of removal was untimely because it was filed more than thirty days after service of the summons and complaint. In opposition, Ford contends that service of the summons and complaint did not trigger the first thirty-day removal period identified in § 1446(b) because the ground for removal – diversity jurisdiction – does not appear on the face of the complaint. Specifically, Ford argues that the complaint does not allege facts showing that the amount in controversy exceeds $75,000. Ford argues that the second thirty-day removal period identified in § 1446(b) was triggered when Ford received a copy of the vehicle sale contract on May 29, 2023, disclosing the purchase price of $24,596.48. The notice of removal was filed within thirty days after Ford's receipt of the vehicle sale contract.

3

The Court finds that service of the summons and complaint did not trigger the first thirty-day removal period, because the complaint does not allege facts showing that the amount in controversy exceeds $75,000.  As noted above, the complaint indicates that Alvarez-Munguia seeks damages, recission of the vehicle sale contract and restitution of all monies expended, a civil penalty in the amount of twice actual damages, reasonable attorneys' fees and costs, and other appropriate relief.  However, the complaint does not allege the sale price of the Ford Focus vehicle or any other specific measure of damages, nor does it allege the amount of attorneys' fees and costs incurred.  Without that information, the existence of diversity jurisdiction is not "revealed affirmatively in the initial pleading" as required to trigger the first thirty-day removal period.  *Kuxhausen*, 707 F.3d at 1139.

Alvarez-Munguia argues that given Ford's sophistication and knowledge of the motor vehicle industry, Ford could have estimated the value of the vehicle in question based on the make, model, year, and VIN alleged in the complaint.  *See* Def.'s Opp. at 8.  That argument is foreclosed by Ninth Circuit cases holding that the first thirty-day period is triggered only where the initial pleading *itself* contains the facts giving rise to removability, without reference to any information or knowledge in the possession of the defendant.  *See Kuxhausen*, 707 F.3d at 1140; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005).  In *Harris*, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris*, 425 F.3d at 694.  The *Harris* court explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  *Harris*, 425 F.3d at 697.  In *Kuxhausen*, the Ninth Circuit reiterated that "defendants need not make extrapolations or engage in guesswork" to determine whether the amount in controversy requirement is satisfied.  *Kuxhausen*, 707 F.3d at 1140.

District courts in this circuit have applied *Kuxhausen* and *Harris* to deny nearly identical motions to remand brought by the same firm that represents Alvarez-Munguia in the present case.  *See, e.g., Agasang v. Jaguar Land Rover N. Am., LLC*, No. CV 23-8141-MWF (PVCx), 2023 WL

8234641, at *2 (C.D. Cal. Nov. 27, 2023) ("Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages sought exceeded the amount-in-controversy requirement under § 1332."); *Alcazar v. Nissan N. Am., Inc.*, No. 23-CV-01951-JD, 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) ("Alcazar argues that Nissan's 'sophistication and knowledge of the motor vehicle industry' should have put it on notice that the amount-in-controversy requirement was met, *see* Dkt. No. 15 at 8, but removability is determined from the pleadings and not the defendant's subjective knowledge, *see Harris*, 425 F.3d at 694."); *Moran v. Ford Motor Co.*, No. 23CV845 JM (BLM), 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023) ("[W]hile Defendant could have made a plausible guess that the amount in controversy in this case exceeded $75,000, Defendant was under no obligation to do so." (internal quotation marks and citation omitted)). For the same reasons articulated in those cases, this Court finds that Alvarez-Munguia's motion to remand must be denied under controlling Ninth Circuit authority.

Alvarez-Munguia argues that Ford should have understood that the amount in controversy exceeds $75,000 based on the fact that the case was originally brought under the state court's unlimited jurisdiction, which applies only when the demand amount exceeds $25,000.[1] As Ford points out, however, nothing in the complaint indicates whether the threshold demand amount of $25,000 is the amount of actual damages (which may be tripled if the requested civil penalty is awarded) or the total amount of relief sought (including the requested civil penalty and attorneys' fees and costs). Under these circumstances, the Court concludes that it is impossible to tell solely from the invocation of the state court's unlimited jurisdiction whether the amount in controversy exceeds $75,000. This ruling is consistent with the decisions of other district courts in the Ninth Circuit denying motions to remand on similar facts. *See, e.g., Agasang*, 2023 WL 8234641, at *2 ("Courts have rejected identical arguments that bringing a lemon law case under the state court's unlimited jurisdiction is sufficient to show that the $75,000 threshold for diversity jurisdiction is met."); *Moran*, 2023 WL 4532755, at *3 ("The mere fact that Plaintiff originally brought this case

---

[1] As of January 1, 2024, the state court's unlimited jurisdiction is restricted to civil cases in which the amount demanded exceeds $35,000; however, prior to that date the threshold amount was $25,000. *See* Cal. Civ. P. Code §§ 85, 86, 88.

under the state court's unlimited jurisdiction did not conclusively establish Plaintiff was seeking damages meeting the jurisdictional threshold.").

Relying on the Supreme Court's decision in *Dart*, Alvarez-Munguia argues that Ford plausibly could have alleged satisfaction of the $75,000 amount in controversy requirement based on reasonable estimates regarding vehicle purchase price and attorneys' fees. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). In particular, Alvarez-Munguia points to language in the decision stating that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and that evidence establishing the amount in controversy is required only when the defendant's allegations are questioned. *Id*. at 89. This argument misses the mark. "[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n.3. The fact that Ford could have gone beyond the pleadings to demonstrate removability does not mean that it was obligated to do so. *See id.*; *see also Moran*, 2023 WL 4532755, at *2 ("The fact that Defendant could have made a further inquiry to estimate the subject vehicle's purchase price is insufficient to trigger the thirty-day clock."). The only question presented by Alvarez-Munguia's motion is whether removability was ascertainable from the four corners of the complaint. It was not.

Accordingly, the motion to remand is DENIED.

IV. ORDER

(1) The January 11, 2024 hearing on Alvarez-Munguia's motion to remand is VACATED.

(2) Alvarez-Munguia's motion to remand is DENIED.

(3) The Initial Case Management Conference set for January 11, 2024 at 11:00 a.m. REMAINS ON CALENDAR.

(4) This order terminates ECF 6.

Dated: January 5, 2024

_____
BETH LABSON FREEMAN
United States District Judge